IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARSHA M. DEAN,

    Plaintiff,

v.

STAFF USA, INC., et al.,

    Defendants.

CIVIL ACTION NO.

1:05-CV-1750

### ORDER

This case is before the Court on defendant William F. Miller's Motion to Dismiss for Lack of Personal Jurisdiction [24], defendant Richard Miller's Motion to Dismiss for Lack of Personal Jurisdiction [25], defendants' Motion to Transfer Venue or in the Alternative to Stay Proceedings [27], defendant Staff USA, Inc.'s Motion to Set Aside Entry of Default [31], and defendant American Benefit Administrative Services' Motion for Entry of Default Judgment [32], plaintiff's Motion to Dismiss Cross-Claim of Consumer Health Solutions [50], AND plaintiff's Motion to Compel Discovery Against Consumer Health Solutions, LLC [62].

As to defendant Staff USA, Inc.'s Motion to Set Aside Entry of Default [31], the Court concludes that the movant has shown good cause and the Court **GRANTS** Staff USA's Motion to Set Aside Entry of

AO 72A
(Rev.8/82)

Default [31]. The Court **DENIES as moot** defendant American Benefit Administrative Services' Motion for Entry of Default Judgment [32].

The Court **DENIES** defendants' Motion to Transfer Venue or in the Alternative to Stay Proceedings [27].

The Court **DENIES without prejudice** defendant William F. Miller's Motion to Dismiss for Lack of Personal Jurisdiction [24] and defendant Richard Miller's Motion to Dismiss for Lack of Personal Jurisdiction [25]. Plaintiff has requested that the Court permit it to conduct jurisdictional discovery in order to respond fully to defendants' dismissal motions. Typically, the Court would suspend merits discovery to permit discovery on the jurisdictional question. Yet, the Miller defendants are represented by the same counsel who represents defendant Staff USA, Inc., and Staff USA, Inc., Employee Health Benefit Plan, which have filed no motion to dismiss for lack of personal jurisdiction. The Staff USA, Inc. defendants will be undergoing merits discovery that will likely involve the Miller defendants' conduct and will likely reveal information relevant to the jurisdictional question. Thus, continuing with merits discovery as to the Miller defendants at the same time as jurisdictional discovery does not appear unduly burdensome. Moreover, proceeding in this way will avoid piecemeal litigation and will conserve judicial resources. Accordingly, the Miller defendants may challenge personal jurisdiction, following the completion of all discovery, and along

with any substantive motion for summary judgment that the Millers wish to file.

The Court **DENIES without prejudice** defendant Staff USA, Inc.'s Motion to Dismiss Cross-Claim of Consumer Health Solutions, LLC [50].

The Court **GRANTS as unopposed** plaintiff's Motion to Compel Discovery Against Consumer Health Solutions, LLC [62].

In summary, the Court **GRANTS** Staff USA's Motion to Set Aside Entry of Default [31], **DENIES as moot** defendant American Benefit Administrative Services' Motion for Entry of Default Judgment [32], **DENIES** defendants' Motion to Transfer Venue or in the Alternative to Stay Proceedings [27], **DENIES without prejudice** defendant William F. Miller's Motion to Dismiss for Lack of Personal Jurisdiction [24] and defendant Richard Miller's Motion to Dismiss for Lack of Personal Jurisdiction [25], **DENIES without prejudice** defendant Staff USA, Inc.'s Motion to Dismiss Cross-Claim of Consumer Health Solutions, LLC [50], and **GRANTS as unopposed** plaintiff's Motion to Compel Discovery Against Consumer Health Solutions, LLC [62].

SO ORDERED, this 23 day of January, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE